FEGAN v. LYKES BROS. S. S. CO., Inc.

No. 17353.

Court of Appeal of Louisiana. Orleans.

Jan. 27, 1941.

Rehearing Denied March 10, 1941.

that part of the claim. But the Supreme Court disapproved our ruling admitting in evidence and considering the findings of the "C" Marine Board of Investigation and of the Assistant Director of the Bureau of Marine Inspection and Navigation of the Department of Commerce, and it remanded to this court that part of plaintiff's suit which, under the so-called Jones Act, 46 U.S.C.A. § 688, involved his claim for damages. It did so because it could not determine whether we would have denied the claim for damages had we not considered those findings which it has held to have been improperly admitted.

Our conclusion that there was no negligence on the part of the ship, or of its officers or crew, except the negligence of Fegan himself, was not influenced by a consideration of those findings. In fact, before considering them, from the other evidence we had already formed the opinion that the sole cause of the recoil of the gun which injured the plaintiff was his own negligence in using too heavy a charge of powder. We are of the same opinion still. We have again investigated each charge of negligence made on behalf of plaintiff and find it unnecessary to discuss any of those charges except one. And we now discuss that one which involves the failure of the ship to furnish a powder bag which could have contained only the proper quantity of powder only because counsel for plaintiff has again strenuously argued that this failure constituted negligence without which an excessive quantity of powder could not have been used.

We do not believe that the failure to furnish such a bag constituted actionable negligence for the reason that there is no dispute about the fact that it is the duty of an officer, such as plaintiff was, to understand just how much powder should be used, and it is also shown that it is the duty of such an officer to make, or to see that there is made, a proper bag when there is none on the ship. Plaintiff does not contend for a moment that he did not know that it would be dangerous to use an excessive quantity of powder nor does he contend that he did not know how much powder was being used. He contends that he knew how much powder to use and that he did not use too much.

As we stated in our original opinion, there is no requirement of the Bureau of Navigation and Steamboat Inspection

Terriberry, Young, Rault & Carroll and Andrew R. Martinez, all of New Orleans, for appellant.

Benjamin Y. Wolf, of New Orleans, for appellee.

JANVIER, Judge.

No good purpose would be served by our restating the facts of this case since they have already been completely set forth by us in 195 So. 392 and by the Supreme Court in its opinion, 199 So. 635 rendered on December 2, 1940, not yet reported [in State reports].

The Supreme Court found no fault with our conclusion that the record does not contain sufficient proof to warrant a judgment on plaintiff's claim for maintenance and cure and approved that part of our decree which remanded for further proof

that such bags be furnished by the ship. In the Fifty-second Supplement to the General Rules and Regulations of the United States Department of Commerce, which supplement was published on June 18, 1935, there are to be found many requirements applicable to the maintenance and use of line-carrying guns and their equipment, but, among these requirements, we do not find any placing on the ship the duty of furnishing such bags. In addition to the requirements there are "service recommendations" and it is among these recommendations that there is to be found one concerning the furnishing of powder bags. The failure to comply with such a recommendation cannot be said to have been the proximate cause of, or to have contributed to the accident, since it is shown that it was plaintiff himself who used the bag, which was made on the ship out of materials furnished by the ship, and whose duty it was to see that there was placed in that bag no more than the proper quantity of powder.

We reiterate that we find sustained no charge of negligence which could have had any bearing on the unfortunate ultimate result.

The Supreme Court has not approved our method of apportioning the costs and has instructed that only the costs of appeal should be assessed against the plaintiff and that all other costs should await final determination of the other portion of the matter which is remanded to the District Court.

In compliance with the decree of the Supreme Court, it is now ordered, adjudged and decreed that the judgment appealed from, insofar as it awards to the plaintiff the sum of $4,800 for maintenance and cure, is annulled, avoided and reversed, and it is now ordered, adjudged and decreed that plaintiff's case on this claim be and it is remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law and consistent with the views expressed by us in our original opinion as approved by the Supreme Court.

And it is further ordered, adjudged and decreed that the judgment appealed from, insofar as it awards damages to plaintiff under the Jones Act, 46 U.S.C.A. § 688, be and it is annulled, avoided and reversed, and it is now ordered, adjudged and decreed that plaintiff's claim for damages be and it is dismissed.

It is further ordered that all costs of appeal be paid by plaintiff and that other costs await final determination of the suit.

Reversed and remanded in part; reversed and dismissed in part.