FORET, Judge.
Plaintiff-appellant, John R. Thompson, filed this action under the Jones Act and general maritime law, seeking recovery for personal injuries, in addition to payments for maintenance and cure, from his employer, Zapata Haynie Corporation (Zapata), defendant-appellee herein, as a result of injuries he received July 23, 1985, while employed as a seaman.
After trial, the jury unanimously found that neither Thompson nor Zapata were negligent and that the vessel upon which Thompson was injured was not unseawor-thy. The jury further found that Thompson was entitled to maintenance for a period of seven hundred days, determined by the judge to be at' the rate of $20 per day, and cure in the amount of $24,000.
Thompson appeals, assigning the following as error:
1. That the jury erred in finding no fault on the part of either Thompson or Zapata.
2. The jury erred in finding that Zapata was free of negligence.
3. The jury erred in finding that the vessel on which the accident occurred was not unseaworthy.
4. The trial court erred in not granting Thompson’s motion for judgment notwithstanding the verdict or, in the alternative, Thompson’s motion for new trial.
Zapata answered the appeal, alleging that the trial court erred in awarding $20 per day for maintenance without evidence concerning Thompson’s actual food and lodging expenses. Additionally, Zapata contends that the jury erred in awarding Thompson cure, alleging that Thompson’s medical expenses were necessitated by a pre-existing condition unrelated to the accident of July 23, 1985.
FACTS
On July 23, 1985, Thompson sustained injuries to his ankle and back while working as a ringsetter aboard the vessel Q.O. Dun. While removing rings from the ring rod, the rings became jammed. Thompson pushed on the rings with his foot to release them and, as they came loose, the rod struck Thompson in the ankle, knocking him backwards. In the fall, he hit his back on the crosspiece of the vessel. Subsequent to the accident, Thompson was un *46 able to return to work. After extensive conservative treatment, Thompson underwent back surgery for the removal of a disc on March 15, 1987.
ISSUES
Thompson contends that the jury erred in finding no negligence on behalf of either party and in finding that the vessel was not unseaworthy. After a review of the evidence presented, we cannot say that the jury was without a reasonable basis for its conclusions. A reasonable juror could have found that neither Zapata nor Thompson were negligent and that the accident wherein Thompson injured his back was unavoidable. Additionally, a reasonable juror could have found that the Q.O. Dun was adequately equipped and reasonably fit to engage in the trade of fishing and, therefore, seaworthy. As such, we find no merit to these assignments of error. Likewise, we find that the trial court was correct in denying Thompson’s motion for judgment notwithstanding the verdict or, in the alternative, his motion for new trial.
Zapata answered Thompson’s appeal, alleging that the jury erred in awarding Thompson cure because his medical expenses were necessitated by a pre-exist-ing condition unrelated to the accident of July 23, 1985. We find no merit in this contention. Thompson carried out his duties without difficulty prior to the July 23, 1985 accident. Subsequent to the accident, he was unable to return to work. His condition did not improve until after his back surgery in March of 1987, at which time he improved rapidly. We cannot find that the jury was clearly wrong in finding that Thompson was entitled to cure for medical expenses incurred.
Finally, Zapata contends that the trial court erred in finding that Thompson was entitled to maintenance in the amount of $20 per day, arguing that Thompson failed to prove what his actual expenses were for food and lodging. We find that Zapata is correct in its contention.
“In order to recover maintenance, a seaman must present some evidence that he actually incurred expenses for his support. He is entitled to recover expenses for the cost of food and lodging that is equivalent to the food and lodging that he would have received on the vessel. Springborn v. American Commercial Barge Lines, Inc., 767 F.2d 89, 94-95 (5th Cir.1985).”
Heaton v. Gulf Intern. Marine, Inc., 536 So.2d 622, 626 (La.App. 1 Cir.1988). See also Sylvester v. Offshore Food Service, Inc., 217 So.2d 430 (La.App. 1 Cir.1968).
Thompson testified that he lived alone with his twelve-year-old son. The trial court set the amount of maintenance at what it termed a minimal amount per day based upon the presumption that “the fact that you live and breathe entitles you to some consideration on that evidentiary point.” The trial court was clearly wrong in this respect. Thompson presented no evidence as to his actual expenses for food and lodging.
The portion of the judgment awarding Thompson $14,000 for maintenance is vacated. “The appellate court shall render any judgment which is just_” La.C.C.P. art. 2164. In the interest of justice, this case is remanded to the trial court to allow Thompson the opportunity to present such evidence which may show the amount of maintenance to which he is entitled. See Fegan v. Lykes Bros. S.S. Co., 195 So. 392 (Orl.Cir.1940), cause remanded, 199 So. 635, 196 La. 541 (La.1940), conformed to 199 So. 680, modified 3 So.2d 632, 198 La. 312 (La.1941).
CONCLUSION
Based upon the foregoing, the judgment of the trial court is reversed and vacated insofar as Thompson is granted $14,000 in maintenance and the matter is remanded to the trial court for further proceedings consistent with this opinion. The remainder of the judgment in favor of John R. Thompson is affirmed.
Costs of this appeal are to be divided equally between John R. Thompson and Zapata Haynie Corporation.
Costs at the trial level are to await final disposition of this matter.
*47 AFFIRMED IN PART, REVERSED IN PART AND VACATED, AND REMANDED.